# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **The Board of Water and Sewer Commissioners of the City of Mobile,**<br><br>     Plaintiff,<br><br>v.<br><br>**Oldcastle Infrastructure, Inc.,**<br><br>     Defendant. | Case No. _____ |

## COMPLAINT

COMES NOW, Plaintiff, The Board of Water and Sewer Commissioners of the City of Mobile d/b/a Mobile Area Water and Sewer System ("MAWSS") makes the following complaint against Defendant, Oldcastle Infrastructure, Inc.:

### Parties

1.  MAWSS is a public utility corporation organized and existing under Ala. Code § 11-50-341 with its principal place of business is in Mobile, Alabama.

2.  Oldcastle is a corporation organized and existing under the laws of the State of Washington. On information and belief, Oldcastle's principal place of business is 7000 Central Parkway, Suite 800, Atlanta, Georgia, 30328-4579. Oldcastle's registered agent for service of process in the State of Alabama is Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, Alabama 36104.

### Jurisdiction and Venue

3.  This Court has original jurisdiction over this complaint's subject matter under 28 U.S.C. § 1332(a)(1). MAWSS is a citizen of the State of Alabama, where it is incorporated and has its principal place of business. *See* 28 U.S.C. § 1332(c) (defining corporate citizenship as state of incorporation and state of principal place of business). Oldcastle is a citizen of the States of Washington and Georgia. *See id.* As a result, complete diversity of citizenship exists.

4. This Court has jurisdiction over Oldcastle's person, as the events alleged in this complaint grow out of Oldcastle's purposeful acts directed at the State of Alabama.

5. Venue is proper in this Court under the general venue statute, 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to MAWSS's claims took place in the Southern District of Alabama.

**Allegations**

6. On March 11, 2022, MAWSS issued an Invitation for Bid numbered IFB-22-013, along with the documents titled "IFB 22-013 Above Ground Fuel Storage Tanks Instructions to Bidders," "IFB 22-013 Above Ground Fuel Storage Tanks Specifications," "IFB 22-013 Above Ground Fuel Storage Tanks Insurance Requirements," and "IFB 22-013 Above Ground Fuel Storage Tanks Bid Form," (together, "Solicitation"). A copy of the Solicitation is attached as Exhibit 1.

7. The Solicitation sought bids for aboveground fuel storage tanks, including all components and structures needed for a complete, operating, and approved installation.

8. The Solicitation described the uses to which MAWSS would put the aboveground fuel storage tanks and provided minimum specifications.

9. The Solicitation required awardees to test provided materials to UL 142 and UL 2085 testing requirements and fuel tanks to 5PSIG for twenty-four hours without a drop in pressure. If anything to be provided under the Solicitation failed those tests, the Solicitation required the awardee to correct the problem.

10. The Solicitation required the awardee to provide a thirty-year warranty from purchase date against structural failure for any fuel tank so long as it was installed and validated by a qualified installation contractor and used for the purposes described in the Solicitation.

11. The Solicitation forbade awardees from using defective materials and required them to protect any goods supplied from damage before and during transportation.

12. The Solicitation informed potential bidders that MAWSS would consider signed bids to be offers incorporating the Solicitation that it could accept by issuing a purchase order.

13. Oldcastle submitted a bid responsive to the Solicitation and signed by an Oldcastle representative naming a price of $468,658.00. *See* Exhibit 2.

14. MAWSS determined the Oldcastle was the lowest-cost responsible bidder, and issued a purchase order to Oldcastle, biding Oldcastle to the terms of the Solicitation and its bid ("Agreement").

15. On delivery, one of the four ConVault 6,000 Gallon Above Ground Fuel tanks Oldcastle supplied was obviously defective and would not hold fuel and any pressure, much less at 5 PSIG.

16. MAWSS demanded that Oldcastle honor its warranty obligations; however, Oldcastle refused, instead offering to issue MAWSS an account credit.

17. Due to Oldcastle's refusal to honor its warranties, MAWSS had to remove the Tank and purchase and install a new one at its own expense.

18. MAWSS paid $21,635.00 for removal of the Tank and installation of its replacement, and $93,832.00 for the replacement.

19. The Tank's failure and Oldcastle's refusal to honor its warranties proximately caused MAWSS's expenditures to remove and replace the Tank.

### Count I—Breach of Contract
### Delivery of Nonconforming Goods

20. As alleged in paragraphs 1–19, each of which MAWSS incorporates here, the Contract included an offer, acceptance, and consideration, forming a valid and binding contract between Oldcastle and MAWSS.

21. The Contract required goods to be delivered at certain specifications, and forbade Oldcastle from providing defective or damaged goods.

22. The Tank didn't meet the specifications in the Contract.

23. MAWSS has paid Oldcastle the $468,658.00 due under the Contract.

24. Oldcastle refused to replace the Tank, prompting MAWSS to cover by purchasing a replacement through another vendor.

25. It was reasonably foreseeable that because the Tank failed, MAWSS would have to pay another vendor to remove the Tank and install the replacement.

26. Oldcastle's failure to deliver conforming goods proximately caused MAWSS to suffer damages in the amount of $115,467.00.

WHEREFORE, the premises considered, MAWSS prays that this Honorable Court will enter a judgment against Oldcastle in favor of MAWSS for: (1) $93,832.00 in compensatory damages; and (2) $21,635.00 in consequential damages; (3) Prejudgment interest at the Alabama statutory rate of 6%; and (4) For such other legal or equitable relief to which MAWSS may be entitled, at law or in equity.

### Count II—Breach of Contract
### Express Warranty

27. As alleged in paragraphs 1–26, each of which MAWSS incorporates here, the Contract included an offer, acceptance, and consideration, forming a valid and binding contract between Oldcastle and MAWSS.

28. MAWSS fully performed under the Contract by paying Oldcastle $468,658.00.

29. The Contract required Oldcastle to warrant against the Tank's structural failure for (30) thirty years from the date of purchase.

30. The Tank delivered was in a state of structural failure.

31. MAWSS demanded that Oldcastle honor its warranty obligations and Oldcastle refused.

32. Oldcastle's refusal to honor its warranty prompted MAWSS to purchase a replacement through another vendor.

33. It was reasonably foreseeable that because the Tank failed, MAWSS would have to pay another vendor to remove the Tank and install the replacement.

34. Oldcastle's breach of its contractual warranty obligation proximately caused MAWSS to suffer damages in the amount of $115,467.00.

WHEREFORE, the premises considered, MAWSS prays that this Honorable Court will enter a judgment against Oldcastle in favor of MAWSS for: (1) $93,832.00 in compensatory damages; and (2) $21,635.00 in consequential damages; (3) Prejudgment interest at the Alabama statutory rate of 6%; and (4) For such other legal or equitable relief to which MAWSS may be entitled, at law or in equity.

### Count III—Breach of Contract
### Breach of Implied Warranties

35. As alleged in paragraphs 1–34, each of which MAWSS incorporates here, the Contract included an offer, acceptance, and consideration, forming a valid and binding contract between Oldcastle and MAWSS.

36. The Solicitation allowed bidders to select what products they would incorporate into their bids so long as those products met certain specifications.

37. MAWSS has paid Oldcastle the $468,658.00 due under the Contract.

38. Alabama law implies a warranty of merchantability in all contracts for the sale of goods valued at more than $500, including a requirement that the goods would pass without objection in the trade under the contract description. *Ala. Code* § 7-2-314(2)(a).

39. Alabama law implies a warranty of fitness for a particular purpose when the seller has reason to know the particular purpose to which a buyer intends to put the goods and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods. *Ala. Code* § 7-2-315.

40. The Tank was neither fit for the particular purpose to which MAWSS had informed Oldcastle it would be put nor would it pass without objection in the trade under the Contract's description.

41. Since the Tank was neither fit for the purpose to which Oldcastle knew MAWSS would put it nor merchantable, Oldcastle had a duty to replace the Tank.

42. Oldcastle refused to replace the Tank.

43. Oldcastle's refusal to replace the Tank prompted MAWSS to purchase a replacement through another vendor.

44. It was reasonably foreseeable that because the Tank failed, MAWSS would have to pay another vendor to remove the Tank and install the replacement.

45. Oldcastle's refusal to replace the Tank proximately caused MAWSS to suffer damages in the amount of $115,467.00.

WHEREFORE, the premises considered, MAWSS prays that this Honorable Court will enter a judgment against Oldcastle in favor of MAWSS for: (1) $93,832.00 in compensatory damages; and (2) $21,635.00 in consequential damages; (3) Prejudgment interest at the Alabama statutory rate of 6%; and (4) For such other legal or equitable relief to which MAWSS may be entitled, at law or in equity.

Dated: November 21, 2024

                                       */s/ Robert C. Matthews*
                                       Robert C. Matthews
                                       Michael W. Rich
                                       Emma P. Goodloe

                                       *Attorneys for the Plaintiff, Board of Water and*
                                       *Sewer Commissioners the City of Mobile*

**OF COUNSEL:**
BURR & FORMAN LLP
11 North Water Street, Suite 22200
Mobile, Alabama 36602
256-344-5151
rmatthews@burr.com
mrich@burr.com
egoodloe@burr.com

                           **Service by Certified Mail to**
                           Oldcastle Infrastructure, Inc.
                       c/o Corporation Service Company, Inc.
                          641 South Lawrence Street
                           Montgomery, Alabama 36104